### PERKINS v. ROBERTSON.

*(Circuit Court, S. D. New York. February 11, 1887.)*

**CUSTOMS DUTIES—DUTY ON CROP-ENDS OF STEEL RAILS—UNWROUGHT METALS.**
The tariff act of 1883, Schedule C, metals, (22 St. U. S. 497–501,) providing a duty on "*steel* not specially enumerated or provided for in this act," and on "*mineral substances* in the crude state, and *metals unwrought,* not specially enumerated or provided for in this act," the plaintiff imported the crop-ends of steel rails, being the rough, ragged, and imperfect ends of the rails when first rolled, cut off to make perfect rails, with square and even ends, and defendant, as collector, exacted duty on them as manufactures of steel not specially provided for, which was the same as that on steel not specially provided for. *Held,* the rails should have been classified as metals unwrought, it appearing they were a mere surplus of metal not made into anything. The classification should be with the class which is more specific, and "unwrought steel" is more specific than "steel."

Action to Recover Duties Paid.

*J. Langdon Ward,* for plaintiff.

*Henry C. Platt,* Asst. U. S. Atty., for defendant.

WHEELER J.   In Schedule C, metals, of the tariff act of 1883, there are many specific provisions for duties on steel in ingots, blooms, bars, and sheets, and many other forms ready for manufacture, and on many manufactures of steel, and partly of steel; a provision for "steel not specially enumerated or provided for in this act;" a provision for "manufactures, articles, or wares, not specially enumerated or provided for in this act, composed wholly or in part of iron, steel, copper," etc.; and a provision for "mineral substances in a crude state, and metals unwrought, not specially enumerated or provided for in this act." 22 St. 497–501. The plaintiff imported the crop-ends of steel rails, which are the rough, ragged, and imperfect ends of the rails when first rolled, cut off to make perfect rails, with square and even ends. The defendant, as collector, exacted duty on them as manufactures of steel not specially enumerated or provided for, which was the same as that on steel not specially enumerated or provided for. The plaintiff protested that they should be classified as metals unwrought. On the trial by jury, the plaintiff's evidence tended to show that such crop-ends are principally used for remelting; the defendant's, that some of them are cut lengthwise into bars for use in making various articles. On instructions from the court, in substance, to return a verdict for the plaintiff if these crop-ends were a

mere excess of the material for steel rails left over after their manufacture, not suitable for use without being further wrought, and to return a verdict for the defendant if they were otherwise, the jury returned a verdict for the plaintiff, and the defendant moved for a new trial. On this motion the argument for the defendant, in substance, is that the crop-ends were steel, and subject as such to the duty laid upon them, without reference to their being an excess of the crude material, or their suitability for use as they were. They were in fact steel, according to all the evidence, and this argument is well founded, unless they are otherwise specially enumerated and provided for as metals unwrought. They are not, on the finding of the jury, manufactures, articles, or wares composed wholly or in part of steel; for such things would be made of steel, and these crop-ends are a mere surplus of metal not made into anything. The classification falls between steel not otherwise specially enumerated or provided for, and unwrought metals not otherwise specially enumerated or provided for. It belongs to the class which is most specially enumerated or provided for. Steel is a metal, and unwrought steel is more specific than steel; for the latter would include both that which is wrought and that which is unwrought, while the former would be confined to that which is unwrought only. And "wrought," within the meaning of the tariff laws, is understood to be applied to things made suitable for use. *Downing* v. *Robertson*, Sup. Ct. U. S. It may be suggested that unwrought metals is a term which includes the whole range of metals when unwrought, and for that reason is broader than steel; but that construction would make the statute mean as if it read, "unwrought metals other than steel," and these statutes have to be taken exactly as they are. Motion denied.